IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER A. RAMIREZ | : | CIVIL ACTION |
| | : | NO. 05-6735 |
| v. | : | |
| | : | |
| NATIONAL RAILROAD | : | |
| PASSENGER CORPORATION | : | |
| a/k/a AMTRAK | : | |
| | : | |
| O'NEILL, J. | : | JUNE 14, 2007 |

<u>**MEMORANDUM**</u>

Plaintiff Peter A. Ramirez filed a complaint in this case against defendant National Railroad Passenger Corporation alleging negligence under the Federal Employer's Liability Act.  Before me now is defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 and plaintiff's response thereto.

<u>BACKGROUND</u>

Plaintiff Peter A. Ramirez filed an action for damages pursuant to the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51-60 (2007), on December 27, 2005. Plaintiff was employed as a clerk by defendant National Railroad Passenger Corporation (hereinafter Amtrak).  Defendant is a common carrier which operates trains carrying passengers, baggage, fright, and foreign and domestic mail between the several states.

One of plaintiff's responsibilities as a clerk is to assist passengers boarding the train including those passengers who require wheelchairs.  Amtrak provides wheelchairs for passengers that have trouble walking; some of the wheelchairs are specially designed and intended to transport larger, heavier passengers.

On May 4, 2005, plaintiff was working at Sanford Auto Train Station.[1]  Plaintiff was assisting a heavy passenger in boarding the train.  She asked for his assistance and indicated that she would need a wheelchair to get from her car onto the auto train.  Plaintiff retrieved one of the wheelchairs designed for heavier users.  He had distinguished this chair from the others by the colors of the seat and chair back.  Plaintiff helped the passenger from her car into the chair and pushed her to the ticket counter and then the waiting area with no trouble.

When it was time to board the train, plaintiff returned to the waiting area and pushed the passenger in the wheelchair towards the entrance to train car where a wheelchair ramp was already in place.  When the front wheels of the chair were on the ramp, plaintiff stopped pushing so the passenger could ask a question of the boarding attendant nearby.  As plaintiff resumed pushing the wheelchair up the ramp and onto the train the wheelchair came to an abrupt stop.  Plaintiff determined that the sudden stop was caused by the front wheels which had turned inward and were now perpendicular to the larger rear wheels.  When the chair stopped plaintiff felt a sharp pain in his left elbow and forearm.  Plaintiff suffered an upper muscle tear above his left elbow and a stretched nerve in his left forearm that required surgery.

Following the accident three of plaintiff's colleagues informed him that they had experienced a similar problem using the same wheelchair.  Each of them indicated that they had used the particular wheelchair used by plaintiff during his injury and that they had experienced the same problem; the front wheels would turn inwards perpendicular to the larger back wheels, impeding the wheelchair from moving forward properly when

---

[1] The Amtrak "Auto Train" transports passengers and automobiles between its designated stations.

pushed.  Each of the three noted that they had reported the problem to the Amtrak Lead

Clerk but that the chair was never repaired or removed from use.

Amtrak district superintendent of the auto train Nardelli said that an accident

investigation performed by Amtrak following the incident revealed the chair to be in

proper working order.  Nardelli testifies that the wheelchair in question was in "good

condition" and "performed well."   He testifies also that no Amtrak employee had

reported any difficulty or defect with the wheelchairs in use at the Sanford station,

including the one involved in plaintiff's injury.

<u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary

judgment is proper "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(c).  Rule 56(e) provides that when a properly supported motion

for summary judgment is made, "an adverse party may not rest upon the mere allegations

or denials of the adverse party's pleading, but the adverse party's response, by affidavits

or as otherwise provided in this rule, must set forth specific facts showing that there is a

genuine issue for trial."  Fed. R. Civ. P. 56(e).

Summary judgment will be granted "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Cattrett</u>, 477

U.S. 317, 322 (1986).  The party moving for summary judgment has the burden of

demonstrating that there are no genuine issues of material fact. <u>Id.</u> at 322-323.  If the

moving party carries the burden the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  In addition, "the existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against the moving party.'"  Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d. Cir. 1978) quoting Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 878 (3d. Cir. 1972).

A "FELA plaintiff need only present a minimum amount of evidence in order to defeat a summary judgment motion."  Hines v. Consolidated Rail Corp., 926 F.2d 262, 268 (E.D. Pa. 1991).  Further "a trial court is justified in withdrawing such issues from the jury's consideration only in those extremely rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of the employee."  Pehowic v. Erie Lackawanna Railroad Co., 430 F.2d 697, 699-700 (3d Cir. 1970).

DISCUSSION

To recover damages for a claim under FELA plaintiff must prove four elements: (1) defendant is a common carrier by railroad engaged in interstate commerce; (2) plaintiff was employed by defendant and assigned to perform duties which furthered such commerce; (3) injuries were sustained while they were employed by the common carrier; (4) plaintiff's injury resulted from defendant's negligence.  Felton v. SEPTA, 952 F.2d 59, 62 (3d. Cir. 1991).  Defendant's actual notice or constructive knowledge of the peril presented by a dangerous condition is a material fact that plaintiff must establish to satisfy the negligence element.  Sears v. Southern Pacific Co., 313 F.2d 498, 501 (9th Cir. 1963).  "'An employer's otherwise reasonable conduct may become unreasonable if

the employer, after being informed that a condition is potentially dangerous, fails to investigate' and, if necessary, correct the problem." Gallose v. L.I.R.R., 878 F.2d 80, 85 (2d Cir. 1989) citing Mohn v. Marla Marie, Inc., 625 F.2d 900, 902 (9th Cir. 1980).

Defendant moves for summary judgment on the ground that defendant had no actual knowledge or constructive notice of any defect in the wheelchair.  I agree with defendant that the presumption "prevails, even after proof of the defect, that the railway company was not aware of its existence; and until it is shown that the railway company knew, or in the exercise of ordinary care, should have known, of the defect, it is not charged with that knowledge." St. Louis, I.M. & S.R. Co. v. Ingram, 187 S.W. 452, 453 (Ark. 1916) aff'd 244 U.S. 647 (1917).

Plaintiff however does not rely on any such presumption.  Plaintiff alleges that three separate Amtrak employees had reported the defective condition in the wheelchair. The identical affidavits of Scotti, Berry, and Kremcou support the fact that the wheelchair had a problem well before the date plaintiff was injured and that they reported this problem several times to an Amtrak Lead Clerk.  The wheelchair was never removed from service nor was it repaired, and the problem continued.

Defendant asserts that based on its accident investigation report, the wheelchair appears to be in good working order and there can be no actual or constructive notice of a defect if such a defect does not exist.  Plaintiff's alleges though that the wheelchair was defective and that the defect had been reported several times to a supervising employee. Accepting these allegations as true, defendant has been given actual notice of the defective equipment and the negligence element may be satisfied under FELA. Therefore, I will deny defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER A. RAMIREZ           :            CIVIL ACTION
                               :            NO. 05-6735
              v.              :
                               :
NATIONAL RAILROAD       :
PASSENGER CORPORATION   :
a/k/a AMTRAK           :

## **ORDER**

AND NOW, this 14th day of June 2007, upon consideration of defendant's

motion for summary judgment and plaintiff's response, and for the reasons set forth in

the accompanying memorandum, defendant's motion for summary judgment is DENIED.


                           s/Thomas N. O'Neill, Jr.
                           THOMAS N. O'NEILL, JR., J.